Merrill S. WRIGHT, individually and on Behalf of the Bosch Trucking Company, Inc. Defined Benefit Pension Plan and Trust

v.

BOSCH TRUCKING COMPANY, INC., a corporation, and Sally A. Bosch.

No. 92–1027.

United States District Court,
C.D. Illinois,
Peoria Division.

Sept. 23, 1992.

David B. Radley, Baymiller, Christison & Radley, Peoria, Ill., for plaintiff.

Richard A. Dahl, Barash, Stoerzbach & Henson, Galesburg, Ill., for defendants.

## ORDER

MIHM, Chief Judge.

This matter is before the Court on the Motion to Dismiss filed by the Defendants on May 28, 1992. For the reasons set forth below this Motion is DENIED.

## BACKGROUND

The Plaintiff, Merrill S. Wright, brings this action derivatively on behalf of the Bosch Trucking Company, Inc. Defined Benefit Pension Plan and Trust, ("the Plan"), under 29 U.S.C. § 1132(a)(1). The Plan was established as a legal entity by virtue of 29 U.S.C. § 1132(d)(1) on January 12, 1979, and amended January 12, 1984. Under the terms of the Plan, Bosch Trucking Company, Inc. ("Bosch Trucking") was to fully fund one hundred percent (100%) of the pension benefits of the non-union employees, including those of Merrill S. Wright. On December 14, 1989, the Plan was fully funded in accordance with its terms. Bosch Trucking has always been the Plan administrator, and from approximately 1982, to December 14, 1989, Wright was President and Chief Executive Officer of Bosch Trucking.

On December 14, 1989, Sally A. Bosch owned eighty per cent (80%) and Wright owned twenty per cent (20%) of Bosch Trucking's stock. On that date, Bosch Trucking's Board of Directors convened a special meeting. At that meeting, the Board demoted Wright to Vice President, relieved him of all duties regarding Bosch Trucking and unanimously passed a resolution to terminate the Plan. On December 14, 1989, Sally Bosch assumed one hundred per cent (100%) control of Bosch Trucking and became Trustee of the Plan. On February 12, 1990, Bosch Trucking terminated Wright's employment.

Wright entered into a settlement agreement with Bosch Trucking and Sally Bosch on July 22, 1991, whereby the Plan distributed to Wright "... an amount of money equal to the single sum vested value of his Plan benefits". On January 3, 1992, Bosch Trucking and Sally Bosch distributed the single sum vested value of $209,046.26 to Wright on the condition Wright place $88,225.36 of this distribution into a special individual retirement account and grant a security agreement in that account to Sally Bosch, as Plan Trustee, in the event the Plan is terminated while underfunded.

After December 14, 1989, Bosch Trucking failed to fully fund one hundred per cent (100%) of the pension benefits to the Plan. The present status of the Plan is that it is underfunded in excess of $137,000.00 and is in the process of being terminated. As a result, Wright brings this derivative action against Bosch Trucking, the Plan administrator, and Sally Bosch, the Plan Trustee, for breach of their fiduciary duties to the Plan, the participants, and the beneficiaries. Wright alleges that the Defendants breached their duties when they failed to terminate the Plan as directed by the Board of Directors at the December 14, 1989, special board meeting and failed to adequately fund the Plan pursuant to Plan terms.

Defendants Bosch Trucking and Sally Bosch, through their counsel, moved to dismiss Wright's claim on the grounds that Wright lacked standing to bring this action, and alternatively, Wright's interests in the Plan conflict with other Plan participants and beneficiaries.

## DISCUSSION

### MOTION TO DISMISS

In ruling on a Rule 12(b)(6) motion to dismiss, a court must follow

> the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (footnote omitted)

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) This Court must accept "all allegations in the complaint as true." *Collins v. County of Kendall, Ill.,* 807 F.2d 95, 99 (7th Cir. 1986). *See also H.J., Inc. v. Northwestern Bell Telephone Company,* 492 U.S. 229, 250, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989); *Hishon v. King and Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59, 65 (1984); and *Gomez v. Illinois State Board of Education,* 811 F.2d 1030, 1039 (7th Cir.1987).

█ In order to escape dismissal a Plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the

cause of action. *Marmon Group, Inc. v. Rexnord, Inc.*, 822 F.2d 31, 34 (7th Cir. 1987) *quoting Doe v. St. Joseph's Hosp.*, 788 F.2d 411, 414 (7th Cir.1986)

To prevail a defendant "must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez*, 811 F.2d at 1039.

■ In determining whether a complaint should be dismissed, "[a] court should give a reasonably tolerant reading to the complaints." *Stewart v. RCA Corporation*, 790 F.2d 624, 632 (7th Cir.1986). A complaint, almost barren to facts, may articulate claims of a specific category upon a liberal reading by the court. *Stewart*, 790 F.2d at 632. If so, the Plaintiff is entitled to try and prove these claims. *Stewart*, 790 F.2d at 632.

## STANDING

■ Wright brings this ERISA derivative action pursuant to 29 U.S.C. § 1132(a)(2). That section authorizes the Secretary of Labor or a participant, beneficiary, or fiduciary to bring a civil action for breach of fiduciary duty under 29 U.S.C. § 1109. Section 1002 defines the terms "participant" and "beneficiary." It provides:

> The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit. 29 U.S.C. § 1002(7)

> The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may be become entitled to a benefit thereunder. 29 U.S.C. § 1002(8)

Neither the parties nor this Court finds case law in the Seventh Circuit applying these terms to a fact situation similar to ours. Therefore the Court must look for authority outside this Circuit.

In *Firestone Tire and Rubber Company v. Bruch*, 489 U.S. 101, 118, 109 S.Ct. 948, 958, 103 L.Ed.2d 80 (1989), the Supreme Court stated that for a former employee to fall within the "may become eligible" language of § 1002(7), he or she must either have a reasonable expectation of returning to covered employment or have a colorable claim to vested benefits. Since Wright has no reasonable expectation of returning to covered employment, the Court must determine whether his claim is for vested benefits under the Plan.

The Defendants contend that Wright lacks standing to bring a derivative action on behalf of the Plan. The Defendants argue that by accepting a lump sum of his vested benefits, Wright no longer qualifies under ERISA as a Plan participant or beneficiary. The Defendants cite to *Joseph v. New Orleans Electrical Pension and Retirement Plan*, 754 F.2d 628, 630 (5th Cir. 1985) for the proposition that persons who accept a lump sum payment of vested benefits are no longer eligible for future benefits and thus lack standing to sue under ERISA.

In *Joseph*, a group of retired employees who chose to receive a lump sum retirement benefit in lieu of monthly benefits subsequently brought suit challenging an amendment to the retirement plan increasing monthly benefits. In that case the plaintiffs sought benefits brought about through an amendment and made available for the first time after they accepted all of their vested benefits in a lump sum. The *Joseph* court held that although the Plaintiffs were former employees, they lacked standing because they had no present or future right to benefits funds and the plan no longer had any obligation to them. *Joseph* 754 F.2d at 630.[1]

[1] In accord, it should be noted that another leading case on this issue was decided in the Fifth Circuit just months after the *Joseph* case. In *Yancy v. America Petrofina, Inc.*, 768 F.2d 707 (5th Cir.1985), the Court held that an early retiree who chose the lump sum payment option to avoid a future decrease in an interest rate factor used to compute payments could not seek relief for breaches occurring *after* receiving his lump sum payment.

In *Kuntz v. Reese*, 760 F.2d 926 (9th Cir.1985), the Ninth Circuit struggled over the same issue of when a claim is for vested benefits. That Court found that former employees who accepted a lump sum distribution of vested benefits had standing under ERISA, but later on rehearing reversed itself. *Kuntz v. Reese*, 785 F.2d 1410 (9th Cir.1986) (Per curiam) *cert. denied*, 479 U.S. 916, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986). In reversing itself, the Court distinguished claims resulting in damage awards from claims resulting in benefits. *Kuntz* 785 F.2d at 1411. The Court cited to the *Joseph* case in support of the proposition that "a damage claim is not a plan benefit". *Kuntz* 785 F.2d at 1411.[2]

The distinction between a claim for benefits and a claim for damages has since been followed by the Fifth Circuit to grant standing to class representatives who accepted their vested benefits in a lump sum. *Sommers Drug Stores Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345 (5th Cir.1989). The *Sommers* Court acknowledged that a claim for vested benefits is not always apparent. *Sommers* 883 F.2d at 349. In that case, the Court pointed out that payment of a sum sought for vested benefits does not increase the amount due to a particular participant, thus constituting a claim for benefits. *Sommers*, 883 F.2d at 350. On the other hand, the Court stated that recovery for "an unascertainable amount, with no demonstration that the recovery will directly effect payment to him, would state a claim for damages, not benefits." *Sommers*, 883 F.2d at 350. In granting standing, the *Sommers* court distinguished and explained its previous holdings denying standing in *Joseph* and *Yancy*. *Sommers*,

883 F.2d at 350. In those cases, the plaintiffs received their full amount due under the terms of the plan when they retired. In *Sommers*, however, the Court found that class representatives having "a claim for an ascertainable amount allegedly owed them at the time they received their lump sum" have standing to sue under ERISA as participants for their vested benefits. *Sommers*, 883 F.2d at 350.

The holdings in *Sommers* and the noted *Amalgamated* cases also seem consistent with the now familiar analysis for determining if a party has standing to sue under a federal statute. The Supreme Court has held that for standing to sue for violations of a federal statute, a plaintiff must: (1) suffer an injury in fact; (2) fall arguably within the zone of interest protected by the statute allegedly violated; and (3) show that the statute itself does not preclude the suit. *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 152–54, 90 S.Ct. 827, 829–30, 25 L.Ed.2d 184 (1970). A retired employee seeking relief under ERISA for an ascertainable benefit amount alleges an injury in fact. A claim for an ascertainable benefit amount owed also falls arguably with the statute's protectible zone of interest, and the stated purpose for ERISA itself demonstrates that this type of suit is not precluded.[3]

In holding with other interpretations by the Seventh Circuit of ERISA terms, this Court feels that the term "participant" is broad enough to include Mr. Wright. The Seventh Circuit has given both the terms "fiduciary" and "beneficiary" a broad interpretation. *See, e.g., Mutual Life Ins. Co. v. Yampol*, 840 F.2d 421, 425 (7th Cir.1988) (confirming the consistency of the

---

**2.** The Ninth Circuit did not, however, intend to foreclose retirees who sue for benefit awards. Two years after *Kuntz* was decided, the same Court recognized standing for plaintiffs who received their actuarially vested benefits under an ERISA plan. *Amalgamated Clothing & Textile Workers Union v. Murdock*, 861 F.2d 1406, 1418–1419 (9th Cir.1988). The Court found that:

> to hold that payment of plan benefits cuts off the standing to sue of plan beneficiaries, we would, in effect, be saying that a fiduciary who (1) breaches the duty of loyalty to an

ERISA plan, and (2) seeks to profit personally from that breach by terminating the plan, has the power to deprive plan beneficiaries of standing to sue the fiduciary for misuse of plan assets.

**3.** § 1001(b) of the Act provides:

> It is ... to be the policy of this Act to protect ... the interests of participants in employee benefit plans and their beneficiaries ... by providing .. ready access to Federal courts. 29 U.S.C. § 1001(b).

Seventh Circuit in giving the term "fiduciary" in § 1002(21)(A) a broad reading) and *Sladek v. Bell System Management Pension Plan,* 880 F.2d 972, 976 (7th Cir.1989) (in holding with congressional intent to give the term "beneficiary" in § 1002(7) a broad reading). While recognizing that giving the term "participant" too broad a definition would render Plan funds accessible to claims not intended by the statute, the Court also acknowledges that defining the term too narrowly will effectively preclude intended participants from protecting their vested interest. Here, Wright was a former employee who was involuntarily terminated and who accepted his actuarially vested benefits in a lump sum distribution. Over $88,000.00 of his total vested amount, however, is subject to divestment in the event the Plan is terminated while underfunded. The Plan is presently in the process of termination and is currently underfunded in excess of $137,000.00. Until the presently unfunded portion of the Plan is once again 100% fully funded, Wright's vested benefit remains unaccessible and at risk of divestiture. Wright brought this action solely on behalf of the Plan, its participants and beneficiaries, on the theory of breach of fiduciary duty, under ERISA, § 1109. The relief sought in the Complaint is a money judgment in favor of only the Plan itself.

Under the "damages" and "benefits" test, Wright would qualify as a participant for purposes of standing. This Court finds no reason not to apply this test and so holds that Wright has standing.

## CONFLICT OF INTEREST

Alternatively, the Defendants contend that Wright is not a proper representative for this derivative action. The Defendants argue that as a Plan fiduciary prior to being relieved of his duties on December 14, 1989, Wright's interests conflicted with other Plan participants and beneficiaries. The Defendants, however, cite no authority supporting the proposition that once a fiduciary is relieved as such his interests remain adverse to other Plan participants and beneficiaries.

Contrary to the Defendant's contention, all participants and fiduciaries share a "common interest ... in the financial integrity of the Plan". *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 142 n. 9, 105 S.Ct. 3085, 3090 n. 9, 87 L.Ed.2d 96 (1985). Wright seeks only relief for the Plan itself to the extent it is underfunded. Moreover, the Court in *Russell* observed that by including the Secretary of Labor in the group who has standing, Congress intended that "actions for breach of fiduciary duty be brought in a representative capacity on behalf of the Plan *as a whole." Russell,* 473 U.S. at 142 n. 9, 105 S.Ct. at 3090 n. 9.

Under ERISA, Plan trustees have a fiduciary duty to "act to ensure that a plan receives all funds to which it is entitled, so that those funds can be used on behalf of participants and beneficiaries". *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.,* 472 U.S. 559, 571, 105 S.Ct. 2833, 2841, 86 L.Ed.2d 447, *reh'g denied,* 473 U.S. 926, 106 S.Ct. 17, 87 L.Ed.2d 696 (1985). This action alleges a breach of fiduciary duty under § 1109, and the Court fails to recognize any conflict between Wright's interests and the interests of other Plan members, either in the action brought or the remedies sought.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss is DENIED. The Defendants are ordered to answer the Complaint.