Gene Vontell GRAHAM, Plaintiff,

v.

Anthony HENDERSON, Defendant.

No. 3:93cv0525 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

May 4, 1994.

**1158**

Gene Vontell Graham, Pendleton, IN, pro se.

Wayne E. Uhl, Diane Marger Moore, Office of Indiana Attorney General, Indianapolis, IN, Laurel Twinney, Indiana Attorney General, Indianapolis, IN, for Anthony Henderson.

*MEMORANDUM AND ORDER*

ALLEN SHARP, Chief Judge.

Following the telephonic pretrial conference held in this case in which the plaintiff, Gene Vontell Graham, was a direct participant along with Diane Marger Moore, Deputy Attorney General of the State of Indiana, this court immediately, yet that day, engaged in the process of a complete review of this file in an attempt to write an appropriate decision under it. Incorporated by reference for reasons of efficiency is the Memorandum and Order of this court entered on January 27, 1994. An amended complaint was filed thereafter on February 16, 1994, and a motion to dismiss was filed on April 19, 1994, there being full compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982).

By moving under Fed.R.Civ.P. 12(b)(6) for dismissal, the defendant asserts that even assuming the plaintiff's allegations are true, the complaint fails to state a claim upon which relief can be granted. This rule contains only one of several "filters" used by the courts to separate "those suits that should receive plenary consideration from those that should not." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). The rule's capacity to save the parties' and the court's resources is obvious.

■ However, this court must be especially careful when faced with a motion for dismissal. The court should accord the plaintiff's complaint a reasonably tolerant reading, because

> the dismissal of the suit under 12(b)(6) could preclude another suit based on any theory that the plaintiff might have advanced on the basis of the facts giving rise to the first action.

*Id.* (citing, *American Nurses' Association v. State of Illinois*, 783 F.2d 716, 726–27 (7th Cir.1986)). *See also, Wright v. Bosch Trucking Co.*, 804 F.Supp. 1069, 1071 (C.D.Ill. 1992); *Stewart v. RCA Corp.*, 790 F.2d 624, 632 (7th Cir.1986). As stated by the *Stewart* court, a complaint "almost barren of facts" may comprise claims of a specific category if read liberally. *Stewart*, 790 F.2d at 632.

■ Dismissal of a complaint is appropriate only if it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). *See also, Dawson v. General Motors Corp.,* 977 F.2d 369, 372 (7th Cir.1992). This court must accept the well-pleaded factual allegations of the complaint as true and "construe such allegations in favor of the plaintiff." *Roots Partnership v. Lands' End, Inc.,* 965 F.2d 1411, 1416 (7th Cir.1992). As a point of clarification, the court notes that it is required to accept only factual allegations; "it is not required to accept legal conclusions that may be alleged or that may be drawn from the pleaded facts." *Milwaukee v. Saxbe,* 546 F.2d 693, 704 (7th Cir.1976); *see also, Reichenberger v. Pritchard,* 660 F.2d 280, 282 (1981).

To escape dismissal "[a] plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action." *Marmon Group, Inc. v. Rexnord, Inc.,* 822 F.2d 31, 34 (7th Cir.1987) (citations omitted). "The complaint cannot be amended by the briefs filed by the plaintiff in opposition to a motion to dismiss." *Gomez,* 811 F.2d at 1039.

Likewise, the defendant may not "attempt to refute the complaint or to present a different set of allegations" in its 12(b)(6) challenge. *Id.* The defendant's attack must be against the sufficiency of the complaint; it "must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Id.*

Where a motion to dismiss is filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) and materials outside the motion to dismiss are presented to and not excluded by the court, then the motion to dismiss may be treated as a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. *See, First Interstate Bank, N.A. v. Chapman & Cutler,* 837 F.2d 775, 776–777 (7th Cir.1988); *Cange & Stotler and Co., Inc.,* 826 F.2d 581, 583 (7th Cir. 1987); and *Winslow v. Walters,* 815 F.2d 1114, 1116 (7th Cir.1987). Thus, where a party moves for dismissal upon the pleadings alone, it will be considered a Rule 12(b)(6) motion for dismissal. However, where a party files a Rule 12(b)(6) motion for dismissal and the court relies on materials outside the pleadings, it will be considered a Rule 56 motion for summary judgment.

It is highly doubtful if this plaintiff can make a claim against this defendant, Anthony Henderson, on the basis of statements made in Conduct Adjustment Board (CAB) proceedings at the Westville Correctional Center. Certainly, the teaching of the Supreme Court, speaking through Justice Stevens, in *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), would argue very much against the existence of any such constitutional right. The parallels are compelling. If in a criminal case a police officer cannot be charged under 42 U.S.C. § 1983 with a constitutional violation for giving even false testimony before a grand jury or in a criminal trial, then it is highly doubtful that a correctional officer can be charged with a constitutional violation simply for giving information, even erroneous information, in a CAB proceeding. This court has ruled on the constitutionality of the aforesaid CAB proceeding, and in the telephonic pretrial conference, this plaintiff specifically waived and gave up any argument with regard to the lack of constitutional validity of the CAB proceedings in question. That disposes of a great deal of the case. As the plaintiff himself asserted in the telephonic pretrial conference, it is the existence and the decision in those CAB proceedings, among other things, which the Indiana Parole Board used to deny him parole.

This court is well aware of the values involved in *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). It is also aware of recent authority in this circuit to the effect that there needs to be a causal relationship between a violation of the constitutional values announced in *Bounds,* and some negative impact on the plaintiff. *See also Alston v. DeBruyn,* 13 F.3d 1036, 1040 (7th Cir.1994). It is generally not a violation of the Constitution of the United States for a correctional officer who is in charge of a legal

library in a prison to look at an inmate's legal documents before copying them. It was admitted by this defendant in the CAB proceedings that he was scanning the materials to insure that they were in fact legal materials because only legal materials may be copied at the law library at no cost to the inmate. The materials being scanned were attachments or exhibits to a complaint that eventually became the part of a public document. Such does not violate the Constitution of the United States.

There are a number of things not involved in this case. One of them is the inspection of legal mail between an inmate and that inmate's attorney. Such is in no way involved here. *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), requires the assertion of the violation of a right guaranteed by the Constitution of the United States. This plaintiff, although invoking the generalized right to proceed in court under *Bounds* does not in any way particularize a particular constitutional right that is violated. There is no assertion here that this plaintiff was prohibited from access to this court. Indeed, the record in this case would completely belie any such assertion. Neither is there anything to support any so-called claim for retaliation.

This court has often said that attorneys appearing in cases before it are not always entitled to and do not always receive instant judicial gratification of all of their felt needs. Likewise, prisoners in a complex correctional institution are not entitled to instant judicial gratification with regard to the copying of their court papers, recognizing fully the values and rights that inhere in *Bounds.* Neither was there any violation of this plaintiff's First Amendment rights. Whatever limited First Amendment rights remain and exist in the prison setting were not in any way violated here.

The Attorney General of Indiana has requested the taxation of costs, citing *McGill v. Duckworth,* 18 F.3d 456 (7th Cir.1994). The Attorney General recited the attachment of that newly-filed opinion in its memorandum filed on April 19, 1994, but the same was not attached. However, this court had already examined the slip opinion in that case and will respectfully decline to assess costs against this plaintiff. This court cannot determine under all circumstances that this case is totally frivolous, although the court will order, with some reluctance, that each party bear its own costs.

Therefore, the motion to dismiss by the defendant, Anthony Henderson, is **GRANTED.** The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**