**MICRO DATA BASE SYSTEMS, INC.,**
Plaintiff and Counter–Defendant,

v.

**NELLCOR PURITAN–BENNETT, INC.**
and Puritan–Bennett Corp. Defendants
and Counterclaimants.

No. 4:97 CV 4 AS.

United States District Court,
N.D. Indiana,
Hammond Division.

Aug. 3, 1998.

Susan K Roberts, William P. Kealey, Ann Marie W. Waldron, Stuart and Branigin, Lafayette, IN, for plaintiff.

Gary P. Price, Peter S. French, John A. Broyles, Lewis and Kappes, Indianapolis, IN, Tammy J. Meyer, Mark E. Walker, Lewis and Wagner, Indianapolis, IN, for Nellcor Puritan Bennett, Inc., Puritan–Bennett Corp., Nellcor Puritan Bennett, Inc., defendants.

Susan K. Roberts, William P. Kealey, Ann Marie W. Waldron, Stuart and Branigin, Lafayette, IN, for Micro Data Base Systems, Inc., counter-defendant.

## MEMORANDUM AND ORDER

ALAN SHARP, District Judge.

### I. Procedural History

This cause is before this court on defendant Nellcor Puritan Bennett, Inc. ("Nellcor")'s motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, filed May 19, 1998, and on plaintiff Micro Data Base Systems, Inc. ("MDBS")'s motion for leave to amend complaint, filed June 2, 1998. Both parties have responded to the other's motions and have briefed the issues. Thus, this court is now ready to rule.

### II. Facts

MDBS is a data base software manufacturer located in West Lafayette, Indiana. Nellcor is now a subsidiary of Mallinckrodt, Incorporated, one of the world's largest medical supply manufacturers, and is the result of a merger between Nellcor, Incorporated and Puritan–Bennett Corporation in 1995. In 1988, MDBS and Nellcor, as its predecessor Puritan–Bennett, negotiated an agreement which would allow Nellcor to use MDBS' database software, then known as "MDBS III," in its own products. In December 1996, MDBS filed suit against Nellcor in Tippecanoe (County, Indiana) Superior Court, asserting violations of Indiana's trade secret law and breach of contract. Nellcor removed the cause to this court in January, 1997 pursuant to this court's diversity jurisdiction under 28 U.S.C. § 1332. On June 12, 1997, MDBS amended its complaint and asserted claims of copyright infringement, misappropriation of trade secrets, conversion, deception, breach of contract and unjust enrichment. Nellcor has moved here to dismiss the copyright infringement claim for lack of subject matter jurisdiction under FED. R.CIV.P. 12(b)(1) and to dismiss the trade secrets, conversion, deception, and unjust enrichment claims for failure to state a claim under FED.R.CIV.P. 12(b)(6).

## III. Analysis

### A. 12(b)(1) Motion

 Nellcor has filed a motion to dismiss the copyright infringement claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure. There are two types of challenges to jurisdiction which may be made under Rule 12(b)(1): (1) a facial attack that challenges the sufficiency of the allegations of jurisdiction in the pleadings on their face; and (2) a factual attack that challenges the truth of the jurisdictional facts alleged in the pleadings. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.), cert. denied, 513 U.S. 868, 115 S.Ct. 188, 130 L.Ed.2d 121 (1994); *Freiburger v. Emery Air Charter, Inc.,* 795 F.Supp. 253 (N.D.Ill.1992). When reviewing a motion raising a facial attack, the court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir.1995). This standard is similar to that applied in a motion to dismiss under Rule 12(b)(6). *Brown v. Keystone Consolidated Industries, Inc.,* 680 F.Supp. 1212, 1215 (N.D.Ill.1988). Thus, a case may be dismissed on a facial challenge only if it is clear from the complaint that a federal question was raised solely for the purpose of obtaining jurisdiction or where a federal claim is insubstantial and frivolous. *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Peckmann v. Thompson,* 966 F.2d 295, 297 (7th Cir.1992).

 However, if the challenge to jurisdiction is factual, no presumption of truthfulness applies to the plaintiffs factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Ritchie,* 15 F.3d at 598. The court may receive competent evidence such as affidavits, deposition testimony and the like in order to determine the factual dispute. *Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947). Thus, when faced with a factual challenge, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol*

*Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir.1993).

 Nellcor specifically challenges whether the copyright claim was registered prior to the filing of the amended complaint. MDBS has asserted that the copyright claims violated here are based on the MDBS IV product, which is a successor version of the MDBS III product, which was copyrighted in 1985. Additionally, MDBS has moved to amend the complaint to include the allegation that it registered the MDBS IV product in July, 1997. Following this court's earlier decision in *Haan Crafts Corp. v. Craft Masters, Inc.,* 683 F.Supp. 1234 (N.D.Ind.1988), this court will grant the motion to amend the complaint. Additionally, the court finds that the second amended complaint adequately pleads the registration requirement for the copyright claim. Thus, the motion to dismiss on this count will be denied.

### B. 12(b)(6) Motions

By moving under Fed.R.Civ.P. 12(b)(6) for dismissal, the defendant asserts that even assuming the plaintiffs allegations are true, the complaint fails to state a claim upon which relief can be granted. This rule contains only one of several "filters" used by the courts to separate "those suits that should receive plenary consideration from those that should not." *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). The rule's capacity to save the parties' and the court's resources is obvious.

However, this court must be especially careful when faced with a motion for dismissal. The court should accord the plaintiff's complaint a reasonably tolerant reading, because

> the dismissal of the suit under 12(b)(6) could preclude another suit based on any theory that the plaintiff might have advanced on the basis of the facts giving rise to the first action.

*Id.* (citing *American Nurses' Association v. State of Illinois,* 783 F.2d 716, 726–27 (7th Cir.1986)). *See also, Wright v. Bosch Trucking Co.,* 804 F.Supp. 1069, 1071 (C.D.Ill. 1992); *Stewart v. RCA Corp.,* 790 F.2d 624, 632 (7th Cir.1986). As stated by the *Stewart*

court, a complaint "almost barren of facts" may comprise claims of a specific category if read liberally. *Stewart,* 790 F.2d at 632.

Dismissal of a complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (*citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also, Dawson v. General Motors Corp.,* 977 F.2d 369, 372 (7th Cir.1992). This court must accept the well-pleaded factual allegations of the complaint as true and "construe such allegations in favor of the plaintiff." *Roots Partnership v. Lands' End, Inc.,* 965 F.2d 1411, 1416 (7th Cir.1992). As a point of clarification, the court notes that it is required to accept only factual allegations; "it is not required to accept legal conclusions that may be alleged or that may be drawn from the pleaded facts." *Milwaukee v. Saxbe,* 546 F.2d 693, 704 (7th Cir.1976); *see also, Reichenberger v. Pritchard,* 660 F.2d 280, 282 (7th Cir.1981).

To escape dismissal "[a] plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action." *Marmon Group, Inc. v. Rexnord, Inc.,* 822 F.2d 31, 34 (7th Cir.1987) (citations omitted). "The complaint cannot be amended by the briefs filed by the plaintiff in opposition to a motion to dismiss." *Gomez,* 811 F.2d at 1039.

Likewise, the defendant may not "attempt to refute the complaint or to present a different set of allegations" in its 12(b)(6) challenge. *Id.* The defendant's attack must be against the sufficiency of the complaint; it "must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Id.*

■ Nellcor has moved to dismiss the trade secrets, conversion, deception, and unjust enrichment claims in the amended complaint because it asserts that the claims are preempted under 17 U.S.C. § 301(a). That section states as follows:

> ... all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, ... are governed by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

MDBS argues that its claims fall within the exception enunciated in 17 U.S.C. § 301(b)(3), which states as follows:

> (b) Nothing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to—
>
> > (3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106.

The Seventh Circuit has fashioned a two-part test to determine if a right under state law is preempted by the Copyright Act. In *Baltimore Orioles v. Major League Baseball Players,* 805 F.2d 663 (7th Cir.1986), the court explained that 17 U.S.C. § 301(a) creates a two part test for preemption: "First, the work in which the right is asserted must be fixed in tangible form and come within the subject matter of copyright as specified in § 102. Second, the right must be equivalent to any of the rights specified in § 106." 805 F.2d at 674. MDBS does not appear to dispute that its software is "fixed in a tangible form" for the first part of the test. Rather, the question arises over the second part of the *Orioles* test and the language of § 301(b)(3), which excludes from preemption claims that require an extra element for the state cause of action. The *Orioles* court defined the § 106 test as follows: "a right is equivalent to one of the rights comprised by a copyright if it 'is infringed by the mere act of reproduction, performance, distribution or display.'" *Id.* at 677. [citations omitted.] The court will address each of the challenged counts separately.

### 1. Trade Secrets Claim

■ MDBS has based the second count of its amended complaint on the Indiana Trade

Secrets Act, which creates a cause of action for "misappropriation" of a trade secret. IND.CODE § 24–2–3–4. Misappropriation is defined at IND.CODE § 24–2–3–2 as follows:

(1) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

(2) disclosure or use of a trade secret of another without express or implied consent by a person who:

(A) used improper means to acquire knowledge of the trade secret;

(B) at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was:

(i) derived from or through a person who had utilized improper means to acquire it;

(ii) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

(iii) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

(C) before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

Although the Seventh Circuit has not directly addressed this topic, the Tenth Circuit has considered whether the Colorado Trade Secrets Act, which is identical to the Indiana act, is preempted by 17 U.S.C. § 301 in *Gates Rubber Co. v. Bando Chemical Indus., Ltd.*, 9 F.3d 823 (10th Cir.1993). Applying the logic of *Computer Associates Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693 (2nd Cir.1992) and *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655 (4th Cir.1993), the Tenth Circuit found that the Colorado Trade Secrets Act contained an additional element, specifically breach of trust, which was not required by the Copyright Act, thus exempting the Trade Secrets Act from preemption under the Copyright Act. 9 F.3d at 847–48. As the

Colorado and Indiana acts are identical (both are based on the Uniform Trade Secrets Act), the Tenth Circuit's decision is applicable here as well. Thus, the trade secrets claim is not preempted.

### 2. Conversion Claim

■ The third count in MDBS' amended complaint is a claim for civil conversion pursuant to IND.CODE §§ 34–24–3–1 [1] and 35–43–4–3. Under IND.CODE § 35–43–4–3, a person "who knowingly or intentionally exerts unauthorized control over property of another person" commits criminal conversion, and under IND.CODE § 34–24–3–1, a person suffering a "pecuniary loss as a result of a violation of IC 35–43" may bring a civil action against the person causing the loss for treble damages, plus costs and attorneys fees. Several courts have considered whether the Copyright Act preempts state law claims of conversion, although not the Seventh Circuit, and most have found that it does indeed preempt those claims. *See United States ex rel. Berge v. Board of Trustees of University of Alabama*, 104 F.3d 1453 (4th Cir.1997); *Daboub v. Gibbons*, 42 F.3d 285 (5th Cir. 1995); *but see G.S. Rasmussen & Assoc. v. Kalitta Flying Service*, 958 F.2d 896 (9th Cir.1992) (holding that unauthorized use of FAA Supplemental Type Certificate was more than simple copying of intellectual property). MDBS has relied on the hornbook rule that a claim for conversion "will not be preempted if the plaintiff can prove the extra element that the defendant unlawfully retained the physical object embodying plaintiff's work." Paul Goldstein, *Copyright*, § 15.2.1 at 15:12–13 (1989). In *Berge*, the Fourth Circuit considered the Goldstein rule in determining whether the use of a graduate student's "ideas and methods" were converted by the University, and determined that because no "tangible objects embodying her intellectual property" were converted, her claim was preempted. 104 F.3d at 1463. In its brief, MDBS asserts that its disks and manuals have been retained unlawfully. However, the amended complaint only speaks to the retention of the MDBS software, not the physical disks and manuals,

---

1. The amended complaint cites IND.CODE § 34–4–30–1 as the civil damages provision for violations of a criminal statute, but that code section was repealed as of July 1, 1998, and replaced by IND.CODE § 34–23–3–1.

and it is clear that the retention of the software is simply the retention of the intellectual property, as in *Berge*. The proposed second amended complaint does make reference to the "related materials," which this court will assume to be the physical disks and manuals. Thus, the court will grant the motion to dismiss the conversion claim as preempted as it relates to the alleged conversion of the software, but will deny the motion as it relates to the conversion of the disks and manuals, bearing in mind that the disks have value only as disks and not as mediums of expression for the software.

### 3. Deception Claim

■ The fourth count in MDBS' amended complaint is a claim for civil deception pursuant to IND.CODE §§ 34–24–3–1 and 35–43–5–3(a)(3). Under IND.CODE § 35–43–5–3(a)(3), a person who "misapplies entrusted property, property of a governmental entity, or property of a credit institution in a manner that the person knows is unlawful or that the person knows involves substantial risk of loss or detriment to either the owner of the property or to a person for whose benefit the property was entrusted" has committed criminal deception, and as with conversion above, under IND.CODE § 34–24–3–1, the owner of the property can sue the deceiver for treble damages, costs and fees. Both parties have cited to district court cases from Illinois discussing the potential preemption of the Uniform Deceptive Trade Practices Act, which is not at issue here. Applying the second part of the *Orioles* test, the question is whether the misapplication of entrusted property is equivalent to the reproduction or distribution of the copyrighted material. MDBS asserts that the "entrusted property" requirement of the statute creates a breach of trust element which is not found in the Copyright Act. As with the trade secrets claim, this court will follow the lead of the Tenth Circuit and find that this element is not one found in the Copyright Act. Thus, this claim is not preempted.

### 4. Unjust Enrichment Claim

■ Count VI of the amended complaint asserts a claim of unjust enrichment. In *Garage Doors of Indianapolis, Inc. v. Morton*, 682 N.E.2d 1296, 1303 (Ind.Ct.App.

1997), the Court of Appeals defined unjust enrichment as follows: "[t]o prevail on a claim of unjust enrichment, a plaintiff must establish that it conferred a measurable benefit on the defendant under circumstances in which the defendant's retention of the benefit without payment would be unjust." [citing *Wright v. Pennamped*, 657 N.E.2d 1223, 1229 (Ind.Ct.App.1995).] This definition is similar to Illinois law, which requires that "(1) the defendant unjustly retained a benefit to the plaintiff's detriment; and (2) the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Stephen & Hayes Constr. v. Meadowbrook Homes*, 988 F.Supp. 1194, 1200 (N.D.Ill.1998). In that case, the court found that the showing of a copyrighted design of another for one's own profit was equivalent to the rights of the Copyright Act. *Id.* at 1201. Here, the amended complaint refers to Nellcor's use of MDBS' trade secret information, i.e., the copyrighted software, and Nellcor's financial benefit derived from its use of the information. Boiled down, MDBS complains about the reproduction and/or distribution of the software. Thus, like *Stephen & Hayes*, the claim is equivalent to a right in the Copyright Act and is thus preempted.

### IV. Conclusion

MDBS' motion for leave to amend its complaint is now **GRANTED** and the clerk shall file the second amended complaint. Nellcor's motion to dismiss count I of the amended complaint for lack of subject matter jurisdiction is now **DENIED**, Nellcor's motion to dismiss count II of the amended complaint for failure to state a claim is now **DENIED**, Nellcor's motion to dismiss count III of the amended complaint for failure to state a claim is now **GRANTED** in part and **DENIED** in part, Nellcor's motion to dismiss count IV of the amended complaint for failure to state a claim is now **DENIED**, and Nellcor's motion to dismiss count VI of the amended complaint for failure to state a claim is now **GRANTED**.

**IT IS SO ORDERED.**