**Gary WEESNER, Plaintiff,**

v.

**Dan GLICKMAN, Secretary of Agriculture, U.S.D.A., Defendant.**

**No. 4:98 cv 44 AS.**

United States District Court, N.D. Indiana, Hammond Division.

Aug. 4, 1999.

---

John H. Haskin, Christopher M. Herrmann, Haskin, Lauter, Cohen & LaRue, Indianapolis, IN, for Gary Weesner, plaintiff.

Clifford D. Johnson, United States Attorney's Office, South Bend, IN, for Dan Glickman, Secretary of Agriculture, United States Department of Agriculture, defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

### I. Procedural History

This cause is before this court on the motion of the Secretary of Agriculture Dan Glickman ("Glickman") to dismiss count III of the complaint for lack of subject matter jurisdiction, pursuant to FED. R.CIV.P. 12(b)(1), filed June 1, 1999. Plaintiff Gary Weesner ("Weesner") filed his opposition to the motion on June 16, 1999, and Glickman replied to that opposition on July 12, 1999. As the parties have fully briefed the issues presented, the court is now ready to rule.

### II. Facts

Weesner was appointed to a position with the United States Department of Agriculture ("USDA") at its Agricultural Research Service in West Lafayette, Indiana on August 7, 1994. While there, he took a leave from employment from

June 11, 1997 to June 24, 1997, and he asserts in his complaint that such leave was taken pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq.* The parties do not dispute that Weesner was employed by the USDA, that the USDA had the requisite number of employees, or that Weesner had worked the requisite number of hours during the previous year required by the FMLA. However, the USDA asserts that Weesner is not an "eligible employee" under the act, and thus is not entitled to its protection. As this is a matter of law and of jurisdiction, it has been appropriately brought before the court as a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(1).

### III. Analysis

■ The defendant has filed its motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. There are two types of challenges to jurisdiction which may be made under Rule 12(b)(1): (1) a facial attack that challenges the sufficiency of the allegations of jurisdiction in the pleadings on their face; and (2) a factual attack that challenges the truth of the jurisdictional facts alleged in the pleadings. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.), cert. denied, 513 U.S. 868, 115 S.Ct. 188, 130 L.Ed.2d 121 (1994); *Freiburger v. Emery Air Charter, Inc.,* 795 F.Supp. 253 (N.D.Ill.1992). When reviewing a motion raising a facial attack, the court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir.1995). This standard is similar to that applied in a motion to dismiss under Rule 12(b)(6). *Brown v. Keystone Consolidated Industries, Inc.,* 680 F.Supp. 1212, 1215 (N.D.Ill.1988). Thus, a case may be dismissed on a facial challenge only if it is clear from the complaint that a federal question was raised solely for the purpose of obtaining jurisdiction or where a federal claim is insubstantial and frivolous. *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946);

*Peckmann v. Thompson,* 966 F.2d 295, 297 (7th Cir.1992).

■ However, if the challenge to jurisdiction is factual, no presumption of truthfulness applies to the plaintiff's factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Ritchie,* 15 F.3d at 598. The court may receive competent evidence such as affidavits, deposition testimony and the like in order to determine the factual dispute. *Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947). Thus, when faced with a factual challenge, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir.1993).

By moving under Fed.R.Civ.P. 12(b)(6) for dismissal, the defendant asserts that even assuming the plaintiff's allegations are true, the complaint fails to state a claim upon which relief can be granted. This rule contains only one of several "filters" used by the courts to separate "those suits that should receive plenary consideration from those that should not." *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). The rule's capacity to save the parties' and the court's resources is obvious.

■ However, this court must be especially careful when faced with a motion for dismissal. The court should accord the plaintiff's complaint a reasonably tolerant reading, because

> the dismissal of the suit under 12(b)(6) could preclude another suit based on any theory that the plaintiff might have advanced on the basis of the facts giving rise to the first action.

*Id.* (*citing American Nurses' Association v. State of Illinois,* 783 F.2d 716, 726–27 (7th Cir.1986)). *See also, Wright v. Bosch Trucking Co.,* 804 F.Supp. 1069, 1071

(C.D.Ill.1992); *Stewart v. RCA Corp.*, 790 F.2d 624, 632 (7th Cir.1986). As stated by the *Stewart* court, a complaint "almost barren of facts" may comprise claims of a specific category if read liberally. *Stewart*, 790 F.2d at 632.

Dismissal of a complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also, Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992). This court must accept the well-pleaded factual allegations of the complaint as true and "construe such allegations in favor of the plaintiff." *Roots Partnership v. Lands' End, Inc.*, 965 F.2d 1411, 1416 (7th Cir.1992). As a point of clarification, the court notes that it is required to accept only factual allegations; "it is not required to accept legal conclusions that may be alleged or that may be drawn from the pleaded facts." *Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir.1976); *see also, Reichenberger v. Pritchard*, 660 F.2d 280, 282 (1981).

To escape dismissal "[a] plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action." *Marmon Group, Inc. v. Rexnord, Inc.*, 822 F.2d 31, 34 (7th Cir.1987) (citations omitted). "The complaint cannot be amended by the briefs filed by the plaintiff in opposition to a motion to dismiss." *Gomez*, 811 F.2d at 1039.

Likewise, the defendant may not "attempt to refute the complaint or to present a different set of allegations" in its 12(b)(6) challenge. *Id.* The defendant's attack must be against the sufficiency of the complaint; it "must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Id.*

■ 29 U.S.C. § 2611(2) defines the term "eligible employee" as it is used in the FMLA as follows:

(2) Eligible Employee

(A) In general

The term "eligible employee" means an employee who has been employed—

(i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and

(ii) for at least 1,250 hours of service with such employer during the previous 12–month period.

(B) Exclusions

The term "eligible employee" does not include—

(i) any Federal officer or employee covered under subchapter V of chapter 63 of Title 5; or

(ii) any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite if less than 50.

The reference in 29 U.S.C. § 2611(2)(B)(i) takes us to 5 U.S.C. § 6381, which defines an "employee" as an individual "who is an 'employee,' as defined by section 6301(2), including any individual employed in a position referred to in clause (v) or (ix) of section 6301(2), but excluding any individual employed by the government of the District of Columbia and any individual employed on a temporary or intermittent basis." The reference to 5 U.S.C. § 6301(2), defines an employee as "an employee as defined by section 2105 of this title," and section 2105 defines an employee as follows:

(a) For the purpose of this title, "employee", except as otherwise provided by this section or when specifically modified, means an officer and an individual who is

(1) appointed in the civil service by one of the following acting in an official capacity—

(A) the President;

(B) a Member or Members of Congress, or the Congress;

(C) a member of a uniformed service;

(D) an individual who is an employee under this section

(E) the head of a Government controlled corporation; or

(F) an adjutant general designated by the Secretary concerned under section 709(c) of title 32;

(2) engaged in the performance of a Federal function under authority of law or an Executive act; and

(3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position.

Weesner alleges that he was employed by the USDA, which is headed by Glickman, who was appointed by the President. Thus, it seems clear that he falls within the definition of an employee in 5 U.S.C. § 2105, and thus within 5 U.S.C. § 6301(2), 5 U.S.C. § 6381(1), and 29 U.S.C. § 2611(2)(B). Indeed, the Fourth Circuit Court of Appeals has interpreted this issue in exactly this way in their decision in *Mann v. Haigh,* 120 F.3d 34 (4th Cir. 1997). Under *Colby v. J.C. Penney Co., Inc.,* 811 F.2d 1119 (7th Cir.1987), the courts of this circuit are encouraged to give respectful consideration to the decisions of other circuit courts of appeals and to follow those decisions whenever possible. Weesner makes the creative argument that the reference to "subchapter V of chapter 63 of Title 5" does not specify 5 U.S.C. § 6381. Rather, Weesner looks at the cross-references specified under the subchapter heading rather than the statutes in that heading, which start with 5 U.S.C. § 6381. This court finds it more appropriate to follow the statutory language as did the Fourth Circuit, and finds

that Weesner falls within the exclusion of 29 U.S.C. § 2611(2)(B)(i). Thus, he is statutorily ineligible for the protection of Title I of the FMLA, and his claim thereunder must be dismissed.

## IV. Conclusion

For the reasons state above, the defendant's motion to dismiss Count III of the complaint is now **GRANTED. IT IS SO ORDERED.**