**Sal F. LAURENZANO, Plaintiff,**

v.

**CROSSLAND SAVINGS BANK, FSB and Peter Cunningham, Defendants.**

**No. CV 92–818.**

United States District Court,
E.D. New York.

Nov. 16, 1993.

Sal F. Laurenzano, pro se.

F.D.I.C., as Receiver for Crossland Sav. Bank, FSB (John J. Graubard and Marie D. Nardino, of counsel), New York City, for defendant Crossland Sav. Bank, FSB.

Shea & Gould (Mary Gail Gearns, of counsel), New York City, for defendant Peter Cunningham.

MEMORANDUM AND ORDER

NICKERSON, District Judge:

Plaintiff moves to vacate a stipulation of dismissal and restore his action to calendar.

## I

This is another case in which a *pro se* plaintiff has attempted to navigate the complicated procedures of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (the Act), 12 U.S.C. § 1821(d), and the Federal Deposit Insurance Corporation (F.D.I.C.) has taken advantage of the plaintiff's lack of knowledge and sophistication. *See, e.g., Wilson v. FDIC*, 827 F.Supp. 120 (E.D.N.Y.1993).

Plaintiff brought this *pro se* action on August 5, 1991 in the Civil Court of the City of New York, Kings County. His two-sentence complaint alleges,

> Due to false & misleading information, plaintiff purchased 1000 Sahres [sic] of Crossland Saving Pfreffered [sic] "B" stock.

> Now it seems that the stock has becaome [sic] worhtless [sic].

Defendants answered on August 25, 1991. On January 24, 1992 the Office of Thrift Supervision found that defendant Crossland Savings Bank, FSB (Crossland) was operating in an unsound condition, closed Crossland, and appointed the F.D.I.C. as receiver. In February of 1992 the F.D.I.C. removed the case to this court.

The court referred all pre-trial proceedings to then-Magistrate Judge Zachary Carter. He held a status conference on December 18, 1992 and recommended that the parties voluntarily dismiss the action and that defendants permit plaintiff to file a claim with the F.D.I.C. The parties stipulated to dismissal without prejudice.

Plaintiff filed his claim with the F.D.I.C. on February 3, 1993. The F.D.I.C. denied his claim by letter dated July 8, 1993. The letter explained that the F.D.I.C. denied the claim because it had no supporting documentation, and it informed plaintiff that he had "sixty (60) days from the date of this letter to bring an action against" the F.D.I.C. in district court. The letter miscites the applicable statute. Plaintiff submits a copy of an envelope with a certified mail stamp showing that the denial letter was mailed on July 20, 1993. He claims to have received the letter on July 24, 1993.

Plaintiff submits a copy of a letter he sent to the F.D.I.C. on July 28, 1993 in response to the denial. The letter encloses supporting documentation for his claim. Apparently plaintiff never received a response to this letter. Plaintiff then called the F.D.I.C. on September 15, 1993 and spoke to an unnamed person who reviewed his file. That person informed him that he had 60 days from receipt of the letter to file his claim in district court. Plaintiff then brought this motion pursuant to Rule 60 of the Federal Rules of Civil Procedure to vacate the stipulation of dismissal and restore the case to calendar. He signed his papers on September 18, 1993 and filed them on September 22, 1993.

Defendants oppose the motion on the bases that Rule 60 does not provide the relief plaintiff seeks and that plaintiff's motion is time-barred by 12 U.S.C. § 1821(d)(6)(A) because it was filed more than 60 days after denial of his claim.

## II

Rule 60 of the Federal Rules of Civil Procedure provides for relief from final judgments and orders. The bases for relief are wide-ranging and include "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

■ A stipulation of dismissal is a final judgment subject to a Rule 60(b) motion. *See, e.g., Hinsdale v. Farmers Nat'l Bank & Trust Co.*, 823 F.2d 993, 996 (6th Cir.1987). The court may thus grant the motion if sufficient justification exists to reopen the case.

■ According to 12 U.S.C. § 1821(d)(6)(A) claimants under the Act may file an action in district court or continue an action filed pre-receivership after the F.D.I.C. denies their claim. Because his action had been dismissed, not stayed, plaintiff should perhaps have filed a new action in district court seeking review of the F.D.I.C.'s denial of his claim rather than attempting to continue his old action. But here the *pro se* plaintiff thought that the stipulation of dismissal without prejudice meant that if mat-

ters did not proceed as he saw proper he could reinstate his court claim.

There is no prejudice to any party by this procedure. All parties knew the nature of plaintiff's claim. In fact it was preferable for all concerned that plaintiff simply reinstate his old action rather than have a new complaint and new answering papers filed. Particularly where the plaintiff is *pro se* it is appropriate to construe his actions liberally. Cf. *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991) (reading *pro se* plaintiff's complaint especially liberally); *see also Dioguardi v. Durning,* 139 F.2d 774 (2d Cir.1944). This motion is thus an acceptable means for plaintiff to seek this relief.

### III

■ The Act in 12 U.S.C. § 1821(d)(6)(A) provides, in pertinent part, that within sixty days of "the date of any notice of disallowance" of a claim or the end of the 180–day period within which the F.D.I.C. must decide a claim, a claimant may "file suit on such claim (or continue an action commenced before the appointment of the receiver)." The Act in 12 U.S.C. § 1821(d)(6)(B) treats the sixty-day period as a statute of limitations.

Defendants claim that the "date of any notice" means the "date on the notice," July 8, 1993, and that plaintiff's action is therefore time barred because it was not filed by September 6, 1993. At oral argument, plaintiff submitted a copy of what he alleges to be the certified mail envelope containing the F.D.I.C.'s denial. The date stamped on that envelope is July 20, 1993. Plaintiff claims he received the notice on July 24, 1993 and that an F.D.I.C. employee informed him that he had until September 24, 1993 to file in district court.

The Act does not define whether "notice" means actual notice or the letter giving notice. In section 1821(d)(5)(A) the Act requires the F.D.I.C. to decide whether to allow claims within 180 days after they are filed. The F.D.I.C. fulfills this requirement when it mails notice to the claimant's last address on file. 12 U.S.C. § 1821(d)(5)(A)(iii). But the section does not define when the sixty-day period begins to run.

While the denial letter itself informs plaintiff that he has 60 days "from the date of this letter" to file an action in district court, that letter is no authority for interpreting the phrase "the date of any notice." Moreover, it miscites the statute.

Defendants submit an unpublished opinion from *Olsen v. F.D.I.C.,* No. 91 CV 3741 (E.D.N.Y.1993), which holds that a June 4, 1991 filing was late when the F.D.I.C. denied the claim on October 4, 1990 and sent a second, explanatory letter on April 4, 1991. The court in that case did not rely on the date of the first denial notice, and the authority it cites does not specify the date on which the sixty-day period begins to run.

Defendants cite one Court of Appeals case, *Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188 (7th Cir.1993), to support the assertion that the date on the notice controls whether or not a claimant ever received the notice. In that case the F.D.I.C. said it mailed out a denial letter on the 180th day after the claim was filed. The claimant thus had 60 days from the date on the notice because that was the same as 60 days from the 180th day after a claim is filed, which is the outside time limit for filing a claim in district court. The case does not support the defendants' position here. Indeed, in dicta the opinion supports the plaintiff. The court said: "A creditor must take action on a claim *either* within 60 days of receiving any notice of disallowance *or* within 60 days after the expiration of the 180–day period for consideration of the claim." *Id.* at 192 (emphasis in original).

This makes good sense. It would be absurd to read "the date of any notice" to be the date on a notice and not the date it is received. Congress could hardly have provided that the F.D.I.C. could print a notice and not mail it for 60 days and thus comply with the notice requirement. Such a reading would prevent a claimant from receiving actual prior notice and filing suit.

In this case plaintiff received the notice 16 days after it was printed. Under the F.D.I.C.'s reading of the statute he had only forty-four days left to act. The F.D.I.C. may be entitled to an inference that claimants receive notice after the F.D.I.C. mails it.

*See Capital Data Corp. v. Capital Nat'l Bank,* 778 F.Supp. 669, 675 (S.D.N.Y.1991). But here the date of receipt is not disputed. This court holds that the 60 days runs from the date of receipt of notice.

Plaintiff received the notice of denial on July 24, 1993. He filed this motion on September 22, 1993, exactly 60 days after he received the F.D.I.C.'s notice. Plaintiff's motion was therefore timely.

### IV

The court grants plaintiff's motion to vacate the stipulation of dismissal and restore this action to calendar.

So ordered.