**Odell ASTRUP, Appellant,**

v.

**RESOLUTION TRUST CORPORATION, a Public Corporation of the United States, as Receiver for Midwest Federal Savings Bank of Minot, Appellee.**

No. 93–3674ND.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1994.

Decided May 9, 1994.

---

Odell Astrup, pro se.

Lorris N. Molbert and Nancy J. Morris, Fargo, ND, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, BOWMAN and HANSEN, Circuit Judges.

**PER CURIAM.**

Plaintiff Odell Astrup brought this action against the Resolution Trust Corporation (RTC) to compel payment of an administrative claim. The District Court[1] granted summary judgment for the RTC and dismissed. We affirm.

**I.**

On October 18, 1990, Astrup submitted a proof of claim to the RTC in its capacity as receiver for Midwest Federal Savings Bank under the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), 12 U.S.C. § 1821. According to 12 U.S.C. § 1821(d)(5)(A),[2] the RTC had 180 days—until on or about April 16, 1991—within which to allow or disallow Astrup's claim. The RTC took no action. On October 16, 1992, Astrup filed this action to compel payment. The RTC responded that 12 U.S.C. § 1821(d)(6)[3] prohibits judicial review of any administrative claim not challenged within 60 days of either a disallowance by the RTC, or the end of the 180–day post-filing period. In this case, the RTC argued, since it never acted to disallow the claim, the plaintiff had until on or about June 15, 1991 (60 days after April 16, 1991), to seek review. Astrup, however, waited until October of 1992 to file his suit; thus, the claim was barred as untimely.

---

1. The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation as a United States District Judge for the District of North Dakota.

2. (A) Determination period
   (i) In general
   Before the end of the 180–day period beginning on the date any claim against a depository institution is filed with the Corporation as receiver, the Corporation shall determine whether to allow or disallow the claim and shall notify the claimant of any determination with respect to such claim.
   (ii) Extension of time
   The period described in clause (i) may be extended by a written agreement between the claimant and the Corporation.
   12 U.S.C. § 1821(d)(5)(A).

3. (A) In general
   Before the end of the 60–day period beginning on the earlier of—
   (i) the end of the [180–day post-filing period]; or

   (ii) the date of any notice of disallowance of such claim . . .
   the claimant may request administrative review . . . or file suit on such claim . . . in the district or territorial court of the United States [in which the institution is located] (and such court shall have jurisdiction to hear such claim).
   (B) Statute of limitations
   If any claimant fails to—
   (i) request administrative review of any claim . . . or
   (ii) file suit on such claim . . .
   before the end of the 60–day period described in subparagraph (A), *the claim shall be deemed to be disallowed* (other than any portion of such claim which was allowed by the receiver) as of the end of such period, *such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.*
   *12 U.S.C. § 1821(d)(6)* (emphasis supplied).

The District Court agreed with the RTC, concluding that, unfair as it might be in some circumstances, the statute clearly foreclosed further review once the additional 60 days had elapsed, even if the Corporation had not allowed or disallowed a claim within the 180–day determination period. Moreover, the District Court stated, even if it agreed with Astrup that the statute of limitations was no impediment, his claim would be barred by res judicata, having already been considered in a federal jury trial. *Astrup v. Midwest Federal Savings Bank,* 886 F.2d 1057 (8th Cir.1989) (affirming a modified district court order).

## II.

On appeal, Astrup contends that the statute provides three choices, one of which the RTC must select within 180 days: allow the claim; disallow the claim; or extend review (with the claimant's consent). The RTC admits that it did not disallow the claim; nor did it seek Astrup's consent to further review. Therefore, Astrup suggests, the RTC must be deemed to have allowed his claim. Along the same lines, Astrup argues further that he is not appealing the RTC's decision, only seeking to enforce the "allowed" claim—analogous to enforcing a default judgment. Therefore, he says, the statute of limitations does not apply to him, nor does res judicata.

The problem with Astrup's argument is that the statute clearly contemplates that the RTC may not rule on some claims by the end of the 180–day determination period. If this happens, and review is not sought within 60 days, then the claim is to be deemed *disallowed* (rather than deemed allowed, as Astrup contends), and judicial review is foreclosed.

The statute arguably encourages the RTC to avoid making determinations and, in so doing, catch creditors dozing; however, this is the choice Congress has made. See *Capitol Leasing Co. v. FDIC,* 999 F.2d 188 (7th Cir.1993) (per curiam) (receiver's failure to notify claimant of disallowance does not waive statute of limitations under 12 U.S.C. § 1821(d)(6)). As did the claimant in a recent Seventh Circuit case, Astrup "missed a deadline [he] easily could have discovered by

reading the statute. The district court had no jurisdiction over [his] untimely claim...." *Id.* at 193. Furthermore, since the District Court properly found that it lacked jurisdiction, there is no need to consider the question of res judicata.

The judgment of the District Court is affirmed.