The NINTH AVENUE REMEDIAL GROUP, on its own behalf and as its own behalf and as its individual members, et al., Plaintiffs,

v.

ALLIS-CHALMERS CORP., et al., Defendants.

No. 2:94–CV–331–RL–1.

United States District Court, N.D. Indiana, Hammond Division.

April 24, 1997.

Harold Abrahamson, Abrahamson Reed and Adley, Hammond, IN, Joseph V. Karaganis, A. Bruce White, Mark D. Erzen, John W. Kalich, Karaganis and Wyhite, Chicago, IL, H. Alfred Ryan, Chicago, IL, for plaintiffs.

Ronald G. Hayden, Russell R. Eggert, Mayer Brown and Platt, Chicago, IL, for Clark Oil.

Robyn Ice Sosebee, Nill V. Toulme, R. Wayne Thorpe, Alston and Bird, Atlanta, GA, for Barber–Green Co.

Jane B. Amdahl, Jospeh S. Van Bokkelen, Goodman, Ball and Van Bokkelen, Highland, IN, for Commander Packaging—Packaging Dimensions, Inc.

## ORDER

LOZANO, District Judge.

This matter is before the Court on Indiana Department of Transportation's Motion to Dismiss for Lack of Subject Matter Jurisdiction filed on October 18, 1996. For the reasons set forth below, the Court hereby **GRANTS** the motion.

### BACKGROUND

The State of Indiana is one of many Defendants in a contribution action brought under the Comprehensive Environmental Responsibility Compensation and Liability Act ("CERCLA") for the costs of cleaning up the Ninth Avenue Dump Superfund Site ("Site"). Plaintiffs are the Ninth Avenue Remedial Group and its members. The Group is an unincorporated voluntary association of corporations created by its members to take collective action relating to the Site. Plaintiffs claim that the State, through its Department of Transportation ("DOT"), stored materials containing hazardous substances near the Site. The materials leached, contaminating the groundwater beneath the Site.

### DISCUSSION

DOT argues, in light of the recent Supreme Court opinion in *Seminole Tribe v. Florida,* —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), that the Eleventh Amendment deprives the Court of jurisdiction over suits such as this one, a CERCLA suit brought by private citizens against a state. Plaintiffs concede that the Eleventh Amendment limits the jurisdiction of the Court, but the Plaintiffs also contend that Indiana has abrogated its Eleventh Amendment immunity in CERCLA actions by judicial decision, by statute, and by conduct.

The Eleventh Amendment limits federal court jurisdiction over suits against nonconsenting states. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 906–07, 79 L.Ed.2d 67 (1984). A state agency is the state for the purpose of the Eleventh Amendment, *Kroll v. Bd. of Trustees of Univ. of Ill.,* 934 F.2d 904, 907 (7th Cir.1991). Nonetheless, the states can waive their Eleventh Amendment immunity and consent to suit in federal court. *Port Authority Trans–Hudson Corp. v. Feeney,*

495 U.S. 299, 304, 110 S.Ct. 1868, 1872, 109 L.Ed.2d 264 (1990) [hereinafter *"PATH"*].

The test for determining whether a state has waived the protection of the Eleventh Amendment against suit in federal court is a stringent one. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 241, 105 S.Ct. 3142, 3146–47, 87 L.Ed.2d 171 (1985). The Court will find a waiver of Eleventh Amendment immunity only when the waiver is stated "by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *PATH,* 495 U.S. at 305, 110 S.Ct. at 1873; *Atascadero,* 473 U.S. at 240, 105 S.Ct. at 3146; *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360–61, 39 L.Ed.2d 662 (1974); *see also Kroll,* 934 F.2d at 907 (stating that a waiver of the Eleventh Amendment must be unequivocal).

### Waiver By Judicial Decision

The Plaintiffs first argue that the State of Indiana waived its Eleventh Amendment immunity when the Indiana Supreme Court eliminated the defense of sovereign immunity in tort liability cases. *See Campbell v. State of Indiana,* 259 Ind. 55, 284 N.E.2d 733 (1972). In *Campbell,* the Indiana Supreme Court held that the defense of sovereign immunity was no longer available under Indiana common law in a suit against the State by a private individual for breach of duty. 284 N.E.2d at 737. Plaintiffs argue that the Eleventh Amendment extends only to the common law of sovereign immunity, the abrogation of which now permits suits against Indiana in federal courts.

■ Plaintiffs' argument fails on two grounds. First, the *Campbell* decision has been interpreted narrowly to apply only in tort cases against the State of Indiana filed in Indiana state courts. *See Campbell,* 284 N.E.2d at 737 (explicitly excluding other types of immunity from the court's ruling); *see also Tittle v. Mahan,* 582 N.E.2d 796, 799 (Ind.1991) ("[T]his Court recognized that the State would only be responsible in damages for a breach of duty owed to a private individual."); *Peavler v. Bd. of Commr's,* 528 N.E.2d 40, 42 (Ind.1988) (noting that *Campbell* did not abrogate all common law immuni-

ties against the government). As Defendants note, the Seventh Circuit has routinely applied Eleventh Amendment analysis to cases involving the State of Indiana or its agencies, even after *Campbell.* *See, e.g., Gorka v. Sullivan,* 82 F.3d 772, 773 (7th Cir.1996).

Second, under Eleventh Amendment law, a state's general waiver of sovereign immunity is not enough to waive the protection of the Eleventh Amendment. *Atascadero,* 473 U.S. at 241, 105 S.Ct. at 3146–47. Such waiver may subject the state to suit in its own court, but not in federal courts. To constitute a waiver of Eleventh Amendment immunity, the waiver must specify the state's intention to subject itself to suit in federal court. *Atascadero,* 473 U.S. at 241, 105 S.Ct. at 3146–47. "[A] state's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Pennhurst,* 465 U.S. at 99, 104 S.Ct. at 907.

Such separate waiver is necessary because, contrary to Plaintiffs' argument, the Eleventh Amendment is not based merely on the states' common law sovereign immunity. The Seventh Circuit has held explicitly that the Eleventh Amendment is an independent jurisdictional bar in suits against unconsenting states. *Gorka,* 82 F.3d at 774; *Crosetto v. State Bar of Wisconsin,* 12 F.3d 1396, 1400 (7th Cir.1993). The jurisdiction of the federal courts is limited to the grant of power declared in the Constitution, *Crosetto,* 12 F.3d at 1400, and "federal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'" *Seminole Tribe v. Florida,* —— U.S. at ——, 116 S.Ct. at 1122 (quoting *Hans v. Louisiana,* 134 U.S. 1, 15, 10 S.Ct. 504, 507, 33 L.Ed. 842 (1890)).

Plaintiffs do not identify any case where judicial abrogation of common law sovereign immunity is a waiver of Eleventh Amendment immunity. Where this issue has been addressed, such a waiver has not reached Eleventh Amendment immunity. The Pennsylvania Supreme Court abrogated the common law defense of sovereign immunity for the State of Pennsylvania. *Mayle v. Penn-*

*sylvania Dept. of Hwys.,* 479 Pa. 384, 388 A.2d 709 (1978). The Third Circuit held that *Mayle,* despite its "sweeping and unequivocal language," reached only common law sovereign immunity and did not touch the "federally constitutionally-based immunity from suit in federal court." *Skehan v. Bd. of Trustees of Bloomsburg State College,* 669 F.2d 142, 147, 149 (3d Cir.1982).

Assuming that the Indiana Supreme Court can waive the State's Eleventh Amendment immunity, *see Ford Motor Co. v. Dept. of Treasury,* 323 U.S. 459, 468, 65 S.Ct. 347, 352, 89 L.Ed. 389 (1945) (suggesting that the State of Indiana may waive its Eleventh Amendment immunity only through a general law passed by the State legislature), Indiana has not waived its Eleventh Amendment immunity from suit in federal court through the decision in *Campbell,* because the language in *Campbell* is inadequate to meet the test for a waiver of the Eleventh Amendment as expressed in the opinions of the Supreme Court. At no point in *Campbell* does the court mention the Eleventh Amendment or explicitly state that the abrogation of immunity in tort cases extends to suit in federal court. The court's reasoning and analysis are limited strictly to the common law justification for a doctrine of sovereign immunity to tort liability; the court never discusses issues such as federalism which would be implicated by a waiver of the Eleventh Amendment.

### Waiver By Statute and Conduct

The Plaintiffs also contend that the State has waived its Eleventh Amendment immunity in CERCLA cases by statute and by conduct. A state may waive its Eleventh Amendment immunity by statute or by clear state conduct. *Genentech v. Eli Lilly & Co.,* 998 F.2d 931, 940 (Fed.Cir.1993). By its actions, a state may be deemed to have waived its immunity as to a specific cause. *Id.*

The Plaintiffs first point to the Indiana hazardous substance response statutes, which incorporate the definition of liable "persons" from CERCLA. *See* Ind.Code 13–11–2–192(b); Ind.Code 13–25–4–8. Plaintiffs

argue that because CERCLA includes the states as possible responsible persons and the Indiana Code incorporates that definition, this amounts to a recognition by the State that it can be liable under CERCLA.

■ The fact that CERCLA includes the states as a possible liable persons in CERCLA actions filed by private citizens is meaningless in light of the opinion of the Supreme Court in *Seminole Tribe*. The Supreme Court stated in *Seminole* that Congress does not have the power under the Commerce Clause to abrogate the states' Eleventh Amendment immunity. *See* —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252. Therefore, any language in CERCLA that makes a state liable to private parties is unenforceable. Furthermore, Indiana Code 13–25–4–8 only establishes who might be liable to the State of Indiana for hazardous waste response in a state law cause of action in state court. The statute does not have any effect on whether the state is liable under CERCLA in federal court.

The Plaintiffs also assert that the State waived its Eleventh Amendment immunity through Indiana Code 13–25–4–10 in conjunction with prior appearances by the State in other CERCLA cases. Indiana Code 13–25–4–10 gives authority to the Commissioner of the Indiana Department of Environmental Management ("IDEM") to bring suits under CERCLA. Because the federal courts have exclusive jurisdiction on CERCLA cases, the Plaintiffs argue that through this statute the Indiana General Assembly has waived Eleventh Amendment immunity in CERCLA cases. The Plaintiffs argue further that the State of Indiana has subjected itself to federal court jurisdiction in CERCLA cases when it has voluntarily pursued CERCLA claims in federal court. By doing so in prior cases, the Plaintiffs contend that the State cannot invoke the Eleventh Amendment now.

■ When a state voluntarily pursues its claim against another party in federal court,

the state voluntarily waives its Eleventh Amendment immunity and submits itself to the jurisdiction of the federal court to the full extent required for the determination of the litigation in question. *See Gardner v. New Jersey*, 329 U.S. 565, 574, 67 S.Ct. 467, 472, 91 L.Ed. 504 (1947); *Ford Motor Co.*, 323 U.S. at 467 n. 12, 65 S.Ct. at 352 n. 12; *Clark v. Barnard*, 108 U.S. 436, 447–48, 2 S.Ct. 878, 882–84, 27 L.Ed. 780 (1883); *Woelffer v. Happy States of America, Inc.*, 626 F.Supp. 499, 502 (N.D.Ill.1985). The waiver, however, is limited to the claim before the court and to any compulsory counterclaims. *See In re Friendship Medical Center, Ltd.*, 710 F.2d 1297, 1301 (7th Cir.1983); *Woelffer*, 626 F.Supp. at 502. The state does not submit to the jurisdiction of the federal court for the determination of other matters.

As provided by the Indiana Constitution, only the Indiana General Assembly has the power to waive the State's sovereign immunity and it must do so through general law. Ind. Const., Art. IV, § 24; *see also Ford Motor Co.*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389. Through Indiana Code 13–25–4–10, the General Assembly authorized IDEM's Commissioner to file suit under CERCLA in his or her discretion. By authorizing the Commissioner to file suit under CERCLA, the General Assembly also authorized the Commissioner to waive Eleventh Amendment immunity as to those particular actions, for under Eleventh Amendment law, whenever the Commissioner files suit under CERCLA in federal court, he or she waives the State's Eleventh Amendment immunity to the extent necessary to fully determine that litigation.[1]

■ However, this does not mean that the Commissioner waives the State's Eleventh Amendment immunity as to all CERCLA suits. *See Genentech*, 998 F.2d at 940 (stating that a state may waive its immunity as to a specific action or event). Nothing in Indiana Code 13–25–4–10 indicates a willingness on the part of the State to be sued in

---

1. While the Indiana Constitution does not allow the General Assembly to pass special laws to waive immunity in a particular case without doing so in all cases of the same type, *see* Ind. Const. art. IV, § 24; *Ford Motor Co.*, 323 U.S. at 468, 65 S.Ct. at 352, nothing in the constitu-

tion prohibits the General Assembly from giving discretion to a government official in the filing of suits in federal court together with the concurrent waiver of immunity as to those claims. *See Ford Motor Co.*, at 467 n. 12, 65 S.Ct. at 352 n. 12.

federal court in any CERCLA case. The statute's language does not meet the express language requirement for such a broad waiver. The waiver effected by the actions of the Commissioner through Indiana Code 13–25–4–10 is limited to those suits filed by the Commissioner.

The Court does not find that Indiana has waived its Eleventh Amendment immunity in CERCLA suits by judicial decision, by statute, or by conduct. Accordingly, the Court **GRANTS** Defendant Indiana Department of Transportation's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

*CONCLUSION*

For the foregoing reasons, the Court **GRANTS** Defendant, Indiana Department of Transportation's Motion to Dismiss.