The WASTE, INC. REMEDIAL DESIGN/REMEDIAL ACTION GROUP, an unincorporated association, Plaintiff,

v.

Edward L. COHN, Commissioner of the State of Indiana Department of Corrections, Defendant.

No. 3:97 CV 575 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

Dec. 18, 1997.

Daniel C Murray, Johnson and Bell Ltd, Highland, IN, John R Jacus, Davis Graham and Stubbs, Denver, CO, Maureen Grimmer, Eichhorn & Eichhorn, Hammond, IN, for The Waste Inc, Remedial Design/ Remedial Action Group, an unincorporated association, plaintiff.

Timothy J Junk, Indiana Attorney General, Indianapolis, IN, for Edward L Cohn, Commissioner of the State of Indiana Department of Corrections, defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

### I. Procedural History

Plaintiff Waste, Inc. Remedial Design/Remedial Action Group ("Waste, Inc."), an unincorporated association, filed this action against Edward Cohn, Commissioner of the Indiana Department of Corrections ("Cohn") on August 27, 1997, seeking to enjoin Cohn "from further violation of a unilateral order of the United States Environmental Protection Agency ("EPA") issued pursuant to CERCLA [Comprehensive Environmental Response, Compensation and Liability Act] Section 106" at a Superfund site in Michigan City, Indiana. Cohn filed a motion to dismiss plaintiff's complaint on September 22, 1997, asserting that Waste, Inc. lacked subject matter jurisdiction to bring suit. Both parties have briefed the issues, and this court is now ready to rule.

As a preliminary matter, the court notes that the correct spelling of defendant's last name is Cohn, not Chon as spelled in the complaint. The clerk shall correct the docket to reflect the true spelling of defendant's last name.

### II. Facts

The constituent members of the plaintiff and the defendant are all potentially responsible parties ("PRPs") at the Superfund site in Michigan City, Indiana. In December, 1995, the EPA issued a Section 106 Order directing 32 respondents, including the members of plaintiff and defendant, to implement the CERCLA remedial action at the Michigan City site. The Department of Corrections also received a cover letter from the EPA, recognizing that the department was constrained by the Indiana Constitution from spending money on the site without an appropriation from the Indiana Legislature and directing the department to obtain the funding at the earliest possible time. When the Indiana Legislature met in its next budget session in January 1997, the department sent a letter to the other respondents of the Section 106 Order, informing them that it would seek an appropriation to pay for the restoration of the natural resources damaged at the site and cover the oversight costs incurred by the Indiana Department of Environmental Management (IDEM) in managing the remediation. The Section 106 Order does not address the restoration of natural resource, but only orders that the remedy defined in the Record of Decision entered August 18, 1994, including the construction of a "Subtitle D Cap," and groundwater retention and disposal systems, be implemented. The Waste, Inc. members began constructing the cap on the site in the spring of 1997, and filed this suit in August 1997, seeking to enjoin the defendant to follow the Section 106 Order.

### III. Analysis

The defendant has filed his motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. There are two types of challenges to jurisdiction which may be made under Rule 12(b)(1): (1) a facial attack that challenges the sufficiency of the allegations of jurisdiction in the pleadings on their face; and (2) a factual attack that challenges the truth of the jurisdictional facts alleged in the pleadings. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.), cert. denied, 513 U.S. 868, 115 S.Ct. 188, 130 L.Ed.2d 121 (1994); *Freiburger v. Emery Air Charter, Inc.*, 795 F.Supp. 253 (N.D.Ill.1992). When reviewing a motion raising a facial attack, the court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir.1995). This standard is similar to that applied in a motion to dismiss under Rule 12(b)(6). *Brown v. Keystone Consolidated Industries, Inc.*, 680 F.Supp. 1212, 1215 (N.D.Ill.1988). Thus, a case may be dismissed on a facial challenge only if it is clear from the complaint that a federal question was raised solely for the purpose of obtaining jurisdiction or where a federal claim is insubstantial and frivolous. *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946);

*Peckmann v. Thompson,* 966 F.2d 295, 297 (7th Cir.1992).

However, if the challenge to jurisdiction is factual, no presumption of truthfulness applies to the plaintiff's factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Ritchie,* 15 F.3d at 598. The court may receive competent evidence such as affidavits, deposition testimony and the like in order to determine the factual dispute. *Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947). Thus, when faced with a factual challenge, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir.1993).

Plaintiff admits that under Judge Lozano's recent decision in *Ninth Ave. Remedial Group v. Allis–Chalmers Corp.,* 962 F.Supp. 131 (N.D.Ind.1997), it is barred by the Eleventh Amendment from suing the State of Indiana directly in a CERCLA contribution action. The Eleventh Amendment prohibits federal courts from exercising jurisdiction in civil actions against a state that does not consent to suit. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). However, the Supreme Court created an exception to this rule in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), which allows suits for declaratory and injunctive relief against state officers in their individual capacities. *See Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997). The *Coeur d'Alene* Court found the application of the *Young* exception appropriate in two instances: first, "where there is no state forum available to vindicate federal interests," 117 S.Ct. at 2035, and second, "when the case calls for the interpretation of federal law ... having federal rights vindicated in federal courts." *Id.* at 2036. This cause is an effort to fit into the second category. The *Coeur d'Alene* Court went on to explain that courts should consider "the real affront to a State of allowing a suit to proceed." *Id.* at 2038.

As we explained in *Ford Motor Co. v. Department of Treasury of Ind.,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945): "[T]he nature of a suit as one against the state is to be determined by the essential nature and effect of the proceeding." *Id.,* at 464, 65 S.Ct., at 350. We held that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Ibid. In re Ayers,* [123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216 (1887) ] cited with approval in *Young,* stated that it is not "conclusive of the principal question in this case, that the [State] is not named as a party defendant. Whether it is the actual party, in the sense of the prohibition of the Constitution, must be determined by a consideration of the nature of the case as presented on the whole record." 123 U.S. at 492, 8 S.Ct. at 176.

*Id.* Thus it is appropriate for this court to consider all facts presented, and not just facts alleged in the complaint, in determining whether this court has jurisdiction over this cause. Plaintiff seeks to enjoin defendant to carry out the Section 106 Order. In practical terms at this point, that would require the State to participate in whatever construction is left to be performed on the cap and in the maintenance costs to be incurred at the site. Although this would clearly require expenditure by the State, such is not barred by the Eleventh Amendment so long as it is prospective relief. The *Coeur d'Alene* Court recognized this factor in discussing its holdings in *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) and *Milliken v. Bradley,* 433 U.S. 267, 97 S.Ct. 2749, 53 L.Ed.2d 745 (1977). 117 S.Ct. at 2038–39. "An allegation of an on-going violation of federal law where the request-

ed relief is prospective is ordinarily sufficient to invoke the *Young* fiction." *Id.* at 2040. This case does not implicate special sovereignty concerns to the extent that the prospective relief did in *Coeur d'Alene.* Thus it would appear that this case falls within the *Ex parte Young* exception.

■ However, in *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the Supreme Court articulated an exception to the *Ex parte Young* exception; namely, that "where Congress has prescribed a detailed remedial scheme for the enforcement against a State of a statutorily created right, a court should hesitate before casting aside those limitations and permitting an action against a state officer based on *Ex parte Young.*" 116 S.Ct. at 1132. Additionally, in *Prisco v. State of New York,* 1996 WL 596546 (S.D.N.Y.1996), a district court held that the Supreme Court's decision in *Seminole Tribe* effectively barred the use of the *Ex parte Young* exception unless Congress had legislated pursuant to the Fourteenth Amendment or the state had waived its sovereignty, and thus that court dismissed various CERCLA claims made against state officials. 1996 WL 596546 at *14. This court finds that logic persuasive. Thus the Eleventh Amendment bars this court from exercising jurisdiction over the defendant here.

■ Even if the state was subject to an *Ex parte Young* exception here, the statutory scheme does not appear to favor this kind of suit. In addition to granting the Environmental Protection Agency the authority to enforce cases under CERCLA, Congress granted citizens the authority to enforce certain CERCLA suits in 42 U.S.C. § 9659, which states in pertinent part as follows:

Except as provided in subsections (d) and (e) of this section and in section 9613(h) of this title (relating to timing of judicial review), any person may commence a civil action on his own behalf—

(1) against any person (including the United States and any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of any standard, regulation, condition, requirement, or order which has become effective pursuant to this chapter. . . .

Subsection (d) supplies rules for notice to the President, the state in which the violation occurs, and the violator, and bars prosecution by citizens where the President has already commenced an action. Subsection (e) provides similar notice rules for citizen suits under section (a)(2). The limit in 42 U.S.C. § 9613(h) reads as follows:

No Federal court shall have jurisdiction under Federal law other than under section 1332 of Title 28 (relating to diversity of citizenship jurisdiction) or under State law which is applicable or relevant and appropriate under section 9621 of this title (relating to cleanup standards) to review any challenges to removal or remedial action selected under section 9604 of this title, or to review any order issued under section 9606(a) of this title, in any action except one of the following:

(1) An action under 9607 of this title to recover response costs or damages or for contribution.

(2) An action to enforce an order issued under section 9606(a) of this title or to recover a penalty for violation of such order.

(3) An action for reimbursement under section 9606(b)(2) of this title.

(4) An action under section 9659 of this title (relating to citizens suits) alleging that the removal or remedial action taken under section 9604 of this title or secured under section 9606 of this title was in violation of any requirement of this chapter. Such an action may not be brought with regard to a removal where a remedial action is to be undertaken at the site.

(5) An action under section 9606 of this title in which the United States has moved to compel a remedial action.

The Committee on Public Works and Transportation, during its discussion of the Superfund Amendments and Reauthorization Act, explained section 9613(h) as follows:

The purpose of [section 9613(h) ] is to ensure that there will be no delays associated with a legal challenge of the particular removal or remedial action selected under section 104 or secured through administrative order or judicial action under section 106. Without such a provision, responses to releases or threatened releases of hazardous substances could be unduly delayed, thereby exacerbating the threat of damage to human health or the environment. A person's rights to challenge the choice of removal or remedial action are preserved, however, and can be exercised when an action is taken against a responsible party to recover response costs of damages under section 107, an action to enforce an order to perform response actions, an action for reimbursement for cleanup costs expended by a person order [sic] than the Administrator, a citizen suit alleging that the removal or remedial action was in violation of any requirement of the Act, and an action under section 106 by the United States to secure injunctive relief.

H.Rep. 99–253(V), Pub.L. 99–499, 99th Cong., 2d Sess. 25–26, reprinted in 1986 U.S.Code Cong. & Admin.News 3124, 3148–49. Nowhere does the statute or the legislative history make reference to a citizen enforcing an order under Section 106, and this court has been unable to find any case law which supports such an idea. Plaintiff presented this court with a copy of the Ninth Circuit's opinion in *Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420 (9th Cir. 1996), but that case was filed under the Clean Water Act, 33 U.S.C. § 1365. Thus plaintiff's suit must be limited by 42 U.S.C. § 9613(h)(4), and the remedial action has not yet been fully secured. Even if this court had jurisdiction under *Ex parte Young*, it would still be required to dismiss the suit as untimely under 42 U.S.C. § 9613(h).

## IV. Conclusion

The Clerk is **ORDERED** to correct the docket to reflect the correct spelling of defendant Cohn's last name. The defendant's motion to dismiss the complaint pursuant to FED.R.CIV.P. 12(b)(1) is now **GRANTED.** The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**